United States District Court
Southern District of Texas
**ENTERED**
December 23, 2022
Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JULIAN G. SILVAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-22-3576 |
| | § | |
| OSCAR MENDOZA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION DISMISSING CASE**

The plaintiff, Julian G. Silvas (TDCJ # 2390812), filed an action under 42 U.S.C. § 1983 against numerous TDCJ officials, alleging that they have violated and are violating his civil rights in numerous ways. (Docket Entry No. 1). The court notified Silvas that he must either pay the $402.00 filing fee for a civil rights action or file a properly supported motion to proceed without prepaying the filing fee. (Docket Entry No. 3). The court warned Silvas that any failure to timely comply with the court's order could result in dismissal of his action without further notice under Federal Rule of Civil Procedure 41(b).

Silvas filed a motion for leave to proceed without prepaying the filing fee, (Docket Entry No. 4), but he did not include a certified copy of his inmate trust fund account statement or institutional equivalent, as required by 28 U.S.C. § 1915(a)(2) and the court's order. On November 9, 2022, the court denied Silvas's motion to proceed without prepaying the filing fee without prejudice, and gave Silvas an additional 30 days in which to provide the court with a certified copy of his inmate trust fund account statement. (Docket Entry No. 5). The court again warned Silvas that his failure to timely comply with the court's order could result in dismissal under Rule 41(b). (*Id.* at 2).

To date, Silvas has neither provided a certified copy of his inmate trust fund account statement nor paid the applicable filing fee, and his time to do so under the court's orders has expired. Silvas's failure to pursue this action forces the court to conclude that he lacks due diligence. Dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (a district court may dismiss an action on its own for failure to prosecute or to comply with any court order).

Silvas is advised that he may seek relief from this order under Rule 60(b) of the Federal Rules of Civil Procedure if he can show good cause for failing to comply with the court's orders and the local rules. Any motion under Rule 60(b) must be accompanied by either the filing fee of $402.00 or a properly supported motion to proceed without prepaying the filing fee, including a certified copy of his inmate trust fund account statement.

Silvas's complaint, (Docket Entry No. 1), is dismissed without prejudice for want of prosecution.

SIGNED on December 22, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge